NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STANLEY C. SILVERMAN, as Original
Trustee of the Amended And Restated
Stanley C. Silverman Revocable Trust,
dated August 26, 2006; et al.,

　　　　Appellants,

　v.

DAVID A. BIRDSELL; KCI
ACQUISITIONS II LLC; KCI
RESTAURANT MANAGEMENT LLC,

　　　　Appellees.

No.　18-16036

D.C. No. 2:17-cv-00706-SPL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted October 22, 2019
San Francisco, California

Before:　BYBEE, N.R. SMITH, and COLLINS, Circuit Judges.

---

　　　[*]　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The bankruptcy court approved the request of Appellee David Birdsell (Trustee), as bankruptcy trustee for debtor Sky Financial Investments, LLC (Sky Financial), to sell to KCI Acquisitions II, LLC (KCI Acquisitions) certain of the Trustee's avoidance claims and related litigation claims held by Sky Financial. The district court affirmed the bankruptcy court's ruling. Appellants appeal the sale order, arguing that: (1) the sale of the Trustee's avoidance powers to KCI Acquisitions was improper because KCI Acquisitions is not pursuing interests common to all stakeholders and its use of those powers will not benefit all stakeholders; (2) even if the sale was not improper on this ground, the bankruptcy court abused its discretion because it failed to fully evaluate Appellants' competing proposal; and (3) the bankruptcy court erred by accepting an amended bid at the sale hearing without allowing Appellants to amend their proposal. The parties are familiar with the facts, so we do not recite them here. We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. We affirm.

1.     We have previously held that a bankruptcy trustee may sell an estate's avoidance claims to a creditor when "the creditor is pursuing interests common to all creditors" and "allowing the creditor to exercise those powers will benefit the remaining creditors." *Duckor Spradling & Metzger v. Baum Tr. (In re P.R.T.C., Inc.)*, 177 F.3d 774, 782 (9th Cir. 1999); *see also Briggs v. Kent (In re Prof'l Inv.*

*Props. of Am.)*, 955 F.2d 623, 626 (9th Cir. 1992) ("If a creditor is pursuing interests common to all creditors . . . , he may exercise the trustee's avoidance powers."). Although these requirements must be met when the purchasing creditor plans to actually pursue the claims, nothing in *In re P.R.T.C.* suggests that the analysis is the same when, as here, the sale is expected to result in abandonment of the claims by transferring them to the would-be defendant. *Simantob v. Claims Prosecutor, LLC (In re Lahijani)*, 325 B.R. 282, 288 (B.A.P. 9th Cir. 2005). Indeed, in *In re P.R.T.C.*, we noted that the transfer of the trustee's avoidance powers in that case to one creditor (Baum) was necessarily an "abandonment of the claims against Baum—obviously, Baum cannot sue itself and will not avoid any transactions involving itself." 177 F.3d at 778. This did not invalidate the overall sale of the transfer rights to Baum because "the claims against Baum were dubious, at best," and the "abandonment of those claims likely cost the estates little, if anything." *Id.* at 783. With those claims thus set aside, we then held that Baum properly met the requirements for undertaking to pursue the remaining avoidance claims. *Id.* Accordingly, nothing in *In re P.R.T.C.* precludes transferring the trustee's avoidance powers to a self-interested party that will abandon those claims, so long as the overall value obtained for the transfer is appropriate. As the Bankruptcy Appellate Panel (BAP) has recognized, *In re P.R.T.C.* stands for the

3

simple proposition that a trustee's "avoiding powers may be transferred for a sum certain." *In re Lahijani*, 325 B.R. at 288. Thus, contrary to Appellants' argument, we have not categorically prohibited the type of sale approved by the bankruptcy court here.

2. The Bankruptcy Code allows a trustee to "sell, . . . other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Further, the bankruptcy court may, "[o]n motion by the trustee and after notice and a hearing, . . . approve a compromise or settlement" of the estate's claims. Fed. R. Bankr. P. 9019(a). When a bankruptcy court authorizes the sale of the estate's litigation claims to the would-be defendant of those claims, the bankruptcy court must analyze the sale under both § 363 and Rule 9019. *See In re Lahijani*, 325 B.R. at 288–91. Because "we apply the same standard of review applied by the district court" and show no deference to its decision, *Barclay v. Mackenzie (In re AFI Holding, Inc.)*, 525 F.3d 700, 702 (9th Cir. 2008), we may not reverse the bankruptcy court unless it abused its discretion, *Debbie Reynolds Hotel & Casino, Inc. v. Calstar Corp. (In re Debbie Reynolds Hotel & Casino, Inc.)*, 255 F.3d 1061, 1065 (9th Cir. 2001).

Under § 363, a bankruptcy court must "assure that optimal value is realized by the estate under the circumstances." *In re Lahijani*, 325 B.R. at 288.

4

Appellants argue that the bankruptcy court and the Trustee failed to adequately compare the value of Appellants' motion under 11 U.S.C. § 503 (503 Motion) to the $72,500 bid by KCI Acquisitions. We disagree. The sale hearing transcript demonstrates that the bankruptcy court was well aware of the issues raised by Appellants and adequately considered them. In its oral ruling, the bankruptcy court acknowledged that there was a "significant question" whether Appellants, or anyone else, would succeed in litigating the estate's claims, reflecting a conclusion that the value of the 503 Motion was less than KCI Acquisitions' bid. Given our review of the record, which demonstrates the bankruptcy court's familiarity with the extended litigation history between the parties and its careful consideration of the relevant factors, we will not conclude that the bankruptcy court abused its discretion under § 363.

Under Rule 9019, the bankruptcy court may not approve a settlement of an estate's claims unless the settlement is "fair and equitable." *Goodwin v. Mickey Thompson Entm't Grp., Inc. (In re Mickey Thompson Entm't Grp., Inc.)*, 292 B.R. 415, 420 (B.A.P. 9th Cir. 2003). To make this determination, the bankruptcy court must consider four factors:

> (a) The probability of success in the litigation; (b) the difficulties, if any to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay

necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premise.

*Id.* (alteration adopted) (citing *Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1381 (9th Cir. 1986)). The bankruptcy court here considered all the relevant factors. Recognizing that the case was "very close," the bankruptcy court concluded that the factors weighed in favor of the sale to KCI Acquisitions. We see no basis for reversal. All these factors involve factual issues that the bankruptcy court was in the best position to resolve. The record simply does not demonstrate that the bankruptcy court abused its discretion when it authorized the sale of the avoidance claims rather than grant Appellants' 503 Motion.

3.     Appellants contend that, by characterizing KCI Restaurant Management LLC's proposal to subordinate its claim to that of Lionel Trust as an "amended" bid by KCI Acquisitions, the bankruptcy court improperly deprived Appellants of an opportunity to amend their proposal. But Appellants did not object to the proposed subordination, nor did they contemporaneously object when the bankruptcy court characterized this as an amended bid and accepted it. Accordingly, Appellants have forfeited this issue. Even if they had preserved it, Appellants fail to demonstrate any prejudice from the bankruptcy court's decision. In its order denying Appellants' motion for reconsideration, the bankruptcy court

noted that the amendment was "only one of many factors the Court considered in approving the sale." In the absence of prejudice, we will not reverse the bankruptcy court. *See Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 776 (9th Cir. 2008).

**AFFIRMED.**[1]

---

[1] The Clerk is directed to amend the caption to replace "Omaha Seldins" with the individuals and entities listed in the body of Appellants' Notice of Appeal. *See* Dkt. No. 1-3, at 1–2.